IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv52

| | |
|---|---|
| MICHELE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| HOMECOMING FINANCIAL, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#18). Defendant seeks dismissal of a claim by plaintiff, proceeding *pro se*, asserted on behalf of her tenants. No response has been filed to such motion within the time provided.

**FINDINGS AND CONCLUSIONS**

**I.** *Roseboro* **Warning**

Inasmuch as plaintiff is proceeding without the assistance of an attorney, the undersigned issued an Order on April 6, 2010, advising plaintiff of the nature of defendant's motion, the necessity of filing a response, and the deadline of April 22, 2010 for filing her response. See Order (#20). Due to defendant mailing the Motion to Dismiss to an incorrect address, defendant moved to enlarge the time for plaintiff to respond to May 4, 2010, which the undersigned allowed. See Order (#22). Plaintiff objected to such extension and asked that the original deadline of April 22, 2010, be maintained inasmuch as she had received both the Motion to Dismiss and the

Roseboro Order. Response (#24, at ¶ 6). Inasmuch as such request was not contained in a motion and would not be beneficial to plaintiff, the court took no action. See L.Cv.R. 7.1(C)(2). It appearing that the extended deadline has now run with no response being filed either on April 22, 2010, or May 4, 2010, the court will now enter a recommendation on the pending motion.[1]

## II. Rule 12(b)(6): Applicable Standard

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove "no set of facts" which would support their claim and entitle them to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some '[undisclosed] set of facts' to support recovery." Id., at 561 (alteration in original).

---

[1] The court was, somewhat, taken aback by such response inasmuch as an extension of time is considered *favorable* relief for plaintiff. Had plaintiff wanted, she could have filed her response by April 22, 2010.

Post <u>Twombley</u>, to survive a Rule 12(b)(6) motion to dismiss, plaintiff must allege facts in the complaint that "raise a right to relief above the speculative level." <u>Id.</u>, at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

<u>Id.</u> (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." <u>Id.</u>, at 557. Instead, plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." <u>Id.</u>, at 570 (emphasis added).

While the Court was clear in <u>Twombly</u> that <u>Conley</u> was no longer controlling, see <u>Twombly</u>, 550 U.S. at 563, and <u>Felman Production Inc. v. Bannai</u>, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In <u>Ashcroft</u>, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Id.</u>, S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" <u>Id.</u> (citing <u>Twombly</u>, <u>supra</u>; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

<u>Id.</u> This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> Thus, a complaint falls short of the plausibility standard

where plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

The court has accepted as true all of the factual allegations contained in the Complaint, and, as well, will identify if necessary any "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft, supra, at 1950. As reflected below, the court has assumed the veracity of any well-pleaded factual allegations "and [will] then determine whether they plausibly give rise to an entitlement to relief." Id. (alteration added).

### III. Factual Background

In this action, plaintiff alleges that defendant breached an agreement not to foreclose on the subject real property located in Shelby, North Carolina. Complaint, Count I, at ¶ 2. She contends, among other things, that defendant has breached its agreement with her by failing to postpone foreclosure on the Shelby property. Id., Count I, at ¶ 5.

In parts relevant to the pending motion, plaintiff alleges a cause of action for "Wrongful Eviction." Id., Count VI, at ¶¶ 1 through 4. Plaintiff does not allege that *she* was wrongfully evicted; rather, she alleges that *her tenants* were wrongfully evicted. Id., Count VI, at ¶ 2.

The court notes that such tenants are not named parties in this action and plaintiff is not an attorney who could lawfully represent any interest they might have.

## IV. Discussion

This action was originally removed from the Superior Court of Fulton County Georgia to the United States Court for the Northern District of Georgia based on complete diversity and an amount in controversy exceeding $75,000.00. (Docket Entry #1). Finding that the Western District of North Carolina was the proper venue for disposing of this case, the Northern District of Georgia transferred this matter to this court on February 25, 2010. (Order, #11).

Plaintiff lacks standing to bring a claim for wrongful eviction on behalf of her tenants. To have standing under Article III of the United States Constitution, a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Hinck v. United States, 550 U.S. 501, 510 n. 3 (2007). As to the ability of a landlord to bring an action for wrongful eviction on behalf of her tenants, another court recently found as follows:

> it appears that Plaintiff Lucy lacks standing to bring the wrongful eviction claim. The Mobile County Circuit court awarded possession of the property to Walter Mortgage more than 9 months before the allegedly wrongful eviction. The Court is not aware of any authority that would allow a former owner of real property to sue for the wrongful eviction of an individual allegedly renting said property. *See AmSouth Bank, N.A. v. City of Mobile*, 500 So.2d 1072, 1075 (Ala.1986) (landlord had no right to possession of the property and therefore lacked standing to sue for trespass, which is a wrong relating to the right of possession).

Lucy v. Walter Mortg. Co., 2009 WL 3336685, *3 (S.D. Ala. 2009).[2] Consistent with

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

Alabama law, this court can find no North Carolina cases which recognize any standing for a foreclosed owner of real property to sue for wrongful eviction of its former tenants. Further, annotators have long recognized that whatever causes of action may arise from the forcible removal of a tenant, those causes of action must be brought by the tenant:

> When a tenant in the actual possession of leased premises is forcibly turned out of possession during his term by a third party making a wrongful entry, he alone, and not his landlord, may maintain an action for forcible entry and detainer.

William Lindsley, AMJUR FORCIBLE ENTRY AND DETAINER§ 28 (citing Phillips Petroleum Co. v. Skinner, 140 Kan. 413 (1934); McDaniel v. Vaughn, 42 N.M. 422 (1938))( Thomson Reuters 2010).

The undersigned must, therefore, recommend that plaintiff's Sixth Cause of Action for Wrongful Eviction be dismissed.

### RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** defendant's Motion to Dismiss (#18) be **ALLOWED** and that Count VI (Six) of the Complaint be dismissed.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the

findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 21, 2010

Dennis L. Howell
United States Magistrate Judge