# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv52

| | |
|---|---|
| MICHELE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| HOMECOMING FINANCIAL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on the following pleadings recently filed by plaintiff:

(1) Request to Amend Damage Calculations (#42);

(2) Response to Defendant's Motion to Dismiss and Amended Complaint (#43).

For the reasons that follow, both of these pleadings are procedurally flawed and will be summarily denied.

The court has first considered plaintiff's "Request to Amend Damage Calculations." The basis of such request appears to be a purported change in the value of the real property that is the underlying subject of this action, which plaintiff believes has increased the damages she is entitled to receive from defendant. See Request, at pp. 1-2. Proof of what plaintiff's damages are is left to the finder of fact, and it will be up to plaintiff to present admissible evidence on damages to the finder of fact if this matter makes it to trial. If she has discovered additional or new

-1-

information that relates to damages, plaintiff will need to disclose such information or produce such information to plaintiff, not the court, in the discovery process.

The court has next considered plaintiff's Response to Defendant's Motion to Dismiss and Amended Complaint." Plaintiff is attempting to do two things, one of which is moot, and the other of which cannot be done without consent of defendant or permission of the court. First, it appears that plaintiff is attempting to respond to defendant's April 5, 2010, Motion to Dismiss (#18), which she failed to do despite being granted an extension and being advised as to the manner in which to respond by this court. The undersigned noted such failure and recommended to the district court that defendant's Motion to Dismiss (#18) be granted. On June 11, 2010, the district court accepted such recommendation and dismissed Count VI. Thus, the response is filed well out of time. See Fed.R.Civ.P. 6(b). Second, the response appears to contain what appears to be an Amended Complaint. See Response, at p. 3. Plaintiff is advised that amendment of pleadings is governed by Rule 15, Federal Rules of Civil Procedure, which provides in relevant part as follows:

> **(a) Amendments Before Trial.**
>     **(1) Amending as a Matter of Course.**
> A party may amend its pleading once as a matter of course within:
> (A)  21 days after serving it, or
> (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>     **(2) Other Amendments.**
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).  Plaintiff is advised that the time for her to unilaterally amend her Complaint has run, and that any amendment now requires either the written consent of counsel for plaintiff or permission from the court.  Plaintiff is advised that the method for seeking leave of court is to file a motion, and, while leave is usually freely given, if it is shown that there has been undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment, courts will typically such a motion.  Foman v. Davis, 371 U.S. 178, 182 (1962).

Finally, plaintiff is advised that she is not to send pleadings to the chambers of the undersigned, or to any judge's chambers.  She is required to file such with the Office of the Clerk of Court, either in person or by mail, at the following address:

> Hon. Frank Johns, Clerk of Court
> Room 309, U.S. Courthouse Building
> 100 Otis Street
> Asheville, N.C. 28801

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's (1) Request to Amend Damage Calculations (#42) is **DENIED** as non-justiciable and  Response to Defendant's Motion to Dismiss and Amended Complaint (#43) is **DENIED** as untimely and the Amended Complaint contained therein is **STRICKEN** as leave has neither been sought nor granted.

Signed: June 15, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge