# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv52

| | |
|---|---|
| **MICHELE SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **HOMECOMING FINANCIAL,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion to Compel Production and Request for Sanctions. Defendant has shown that in response to its June 8, 2010, First Consolidated Discovery Requests, plaintiff responded to only two of defendant's 19 interrogatories and only one of its 13 requests for production of documents. Plaintiff objected to responding to all other discovery requests on the ground that they were either overly broad or unduly burdensome or would not lead to the discovery of admissible evidence or both. The court has reviewed each of the interrogatories and requests and finds that such seek the most basic discovery necessary to defending a civil action, that they are not overly broad or unduly burdensome, and that they seek admissible evidence and would directly lead to the discovery of admissible evidence. Plaintiff's objections are, therefore, overruled and she will be compelled to fully answer each interrogatory and provide all documents requested.

In making such determination, the court has also closely reviewed plaintiff's

-1-

response to the Motion to Compel. In that response, plaintiff does not address either the merits of the motion to compel or offers a cogent defense of her objections. Instead, plaintiff appears to argue that because defendant did not provide her with responses to her discovery requests that she considers adequate, she is not obliged to answer defendant's requests. See Response, at ¶ 6. Plaintiff then goes on to argue the merits of her case and the alleged wrongfulness of defendant's foreclosure of her rental property. Id., at ¶ 7. This in no manner satisfies plaintiff's obligation of supporting her objections to the requested discovery. Finding no merit to plaintiff's objections, she will be compelled to fully answer each interrogatory and produce requested documents within 14 days of entry of this Order. Plaintiff is advised that failure to comply with this Order compelling such responses and production may result in the imposition sanctions and/or be considered a failure to prosecute, that could result in the dismissal of this action with prejudice. Specifically, Rule 37(b)(2)(A) provides in relevant part, as follows:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

The court has also considered defendant's Motion for Sanctions under Rule 37(a) for having to bring the Motion to Compel. Rule 37(a), Federal Rules of Civil Procedure, provides as follows:

> **(5) Payment of Expenses; Protective Orders.**
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5). The court will, therefore, set defendant's motion for Rule 37(a) sanctions for hearing as required.

Finally, defendant is advised that there are very specific requirements for seeking fees in this district and is further advised that the court strictly enforces those requirements and burdens. Requests for attorneys fees must be supported by way of affidavits include hourly rate statistics from a Bar association. Determination of the reasonableness of hourly rates is part of the required Lodestar determination.

-3-

In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir.2008). In deciding what constitutes a "reasonable" number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).

After determining the lodestar figure, the "'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Grissom*, 549 F.3d at 321 (*quoting Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir.2002)). Finally, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (internal quotation marks and citation omitted).

Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 243 -244 (4th Cir. 2009). Of particular note in this case, the Court of Appeals for the Fourth Circuit has repeatedly held that

> '[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.'

<u>Id.</u>, at 244 (citation omitted). Indeed, the appellate court went on to hold in that case that

> [a]lthough we recognize that the district court authored a very thorough memorandum opinion, we nonetheless conclude that it abused its discretion by awarding the hourly rates requested by Robinson in the absence of 'satisfactory specific evidence of the prevailing market rates....'

<u>Id.</u>, at 245 (citation omitted).

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Compel Production and Request for Sanctions (#46) is **GRANTED,** and plaintiff is **COMPELLED** to answer all interrogatories and provide all documents requested within 14 days of entry of this Order.

**IT IS FURTHER ORDERED** that defendant's Motion for Sanctions (#46) is calendared for hearing on October 6, 2010, at 10 a.m., in Courtroom #2 of the United States Courthouse, 100 Otis St., Asheville, North Carolina. Plaintiff is advised that her appearance at such hearing is required.

Signed: September 10, 2010

Dennis L. Howell
United States Magistrate Judge