# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv52

| | |
|---|---|
| MICHELE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| HOMECOMING FINANCIAL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Request for Sanctions (#46). On September 10, 2010, the court by Order (#51) granted defendant's Motion to Compel (#46), compelling plaintiff to produce the requested discovery materials within 14 days. Inasmuch as defendant was the prevailing party on such motion, it was entitled to recover its reasonable costs and fees as a matter of law. Fed.R.Civ.P. 37. An award of fees and costs to a party which successfully brings a motion to compel is governed by Rule 37, which provides that

> **(5) Payment of Expenses; Protective Orders.**
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.
> * * *

Fed.R.Civ.P. 37(a)(5)(A). As provided in the court's Order, plaintiff was provided

an opportunity to be heard on October 6, 2010, a hearing at which she attended and made arguments.

At the hearing, plaintiff again argued the merits of the Motion to Compel. Issues concerning the substance of the Motion to Compel were resolved by earlier Order.[1] She also made arguments concerning the time it took counsel to write and edit the briefs, and further argued that counsel should not be allowed to bill for travel time.

In determining whether to award expenses, Rule 37(a)(5)(A) requires the court to initially consider the circumstances surrounding the motion, as follows:

* * *
> But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A). Plaintiff has made no such showing, and the court finds that defendant used reasonable efforts to obtain the materials prior to filing the motion, such non-disclosure was not justified, and that an award of fees in this particular case would be just.

The court now turns to the fee petition. Defendant seeks a total fee award of $3310.00, which includes $1,350.00 for counsel's travel to and from Charlotte and appearance at the October 6, 2010, hearing.

In determining whether any award of attorneys fee is reasonable, the Court of

---

[1] Plaintiff has filed an appeal of that Order to the district court, Fed.R.Civ.P. 72, but did not move to stay such Order pending such appeal.

Appeals for the Fourth Circuit has provided the court with very specific guidance, as follows:

> In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir.2008). In deciding what constitutes a "reasonable" number of hours and rate, we have instructed that a district court's discretion should be guided by the following twelve factors:
>> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
>
> *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).
>
> After determining the lodestar figure, the "'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Grissom*, 549 F.3d at 321 (*quoting Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir.2002)). Finally, "[o]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (internal quotation marks and citation omitted).

Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 243 -244 (4th Cir. 2009).[2] Of particular concern in this case, the appellate court in Robinson held that

---

[2] While Robinson dealt with fees for a prevailing party, there appears to be little difference in what a court must consider to determine an appropriate fee that is occasioned by failure to comply with the Rules of Civil Procedure.

> '[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.'

Id., at 244 (citation omitted). The appellate court went on to hold, as follows:

> [a]lthough we recognize that the district court authored a very thorough memorandum opinion, we nonetheless conclude that it abused its discretion by awarding the hourly rates requested by Robinson in the absence of 'satisfactory specific evidence of the prevailing market rates....'

Id., at 245 (citation omitted).

In this case, the court has considered counsel's affidavit, which cites rates, as surveyed by the North Carolina Bar Association in 1998, for metropolitan areas that would include Asheville.[3] While such is well out-of-date, it appears that the Bar association has not updated the survey. In coming up with a typical current rate, counsel for defendant adjusted such rate using a five percent increase each year, a number counsel argued was based on inflation. Plaintiff challenged such increase at the hearing, arguing that in the immediate past, inflation has not been five percent and has, quite possibly, been zero or negative. A party seeking attorneys fees is required to produce "satisfactory specific evidence of the prevailing market rates in the relevant community." Robinson, supra, at 244. While defendant has provided the court with accurate data for 1998, and attempted to bring such up-to-date by indexing, the court finds no basis for applying an annual five percent rate of inflation.

---

[3] While counsel states that such survey was attached as Exhibit A, Hancock Aff., at ¶ 16, such does not appear as an attachment in the court record. The undersigned is, as stated at the hearing, personally familiar with the cited survey, having utilized such survey in the private practice of law. The court takes notice that the fees cited for 1998 are indeed accurate.

The court agrees with plaintiff's argument that an annual inflation rate of five percent is too high, and further agrees with plaintiff that the correct index would be the CPI, or the "Consumer Price Index." Fully crediting plaintiff's argument, the court has taken the typical fees available in 1998 and plugged such rates into an "inflation calculator," which is in turn based on the Consumer Price Index. See http://data.bls.gov/cgi-bin/cpicalc.pl.[4] Taking the top relevant hourly rate of $160.00 in 1998, the inflation calculator provides a rate of $214.29 in 2010 for an attorney with nine years of experience. For an attorney with five years experience, the typical rate was $134.00 in 1998, which would be $179.47 in 2010. These rates are substantially less than the rates charged by respective counsel for defendants, but the court has no reason to believe that such rates, adjusted for inflation, do not provide "satisfactory specific evidence of the prevailing market rates in the relevant community." Robinson, supra, at 244.[5]

Applying these numbers to the hours spent as asserted on the record in court,

---

[4] Such calculator is maintained by the Federal Bureau of Labor Statistics, which the court finds to be inherently reliable. The court takes judicial notice of such federally maintained calculator. The BLS notes, as follows:

> The CPI inflation calculator uses the average Consumer Price Index for a given calendar year. This data represents changes in prices of all goods and services purchased for consumption by urban households. This index value has been calculated every year since 1913. For the current year, the latest monthly index value is used.

http://www.bls.gov/cpi/cpicalc.htm

[5] It is very likely that these adjusted-for-inflation rates substantially understate current billing rates in Charlotte as well as Asheville as legal service rates likely outpaced increases in prices of other consumer goods and services.

the court must first determine the experience level of each attorney: lead counsel appears to have nine years experience, while associated counsel each appear to have five or less years of legal experience. Lead counsel has billed six hours, which would amount to a fee of $1285.74 at a rate of $214.29, and associate counsel has billed a total of 7.4 hours for a fee of $1328.07 at the rate of $179.47.[6] Thus, a total fee award of $2613.81 would be appropriate, which is almost $700.00 less than what defendant's counsel would have billed defendant at their respective normal hourly rates. The court finds this to be a fair expense in successfully bringing the Motion to Compel and in prosecuting their request for fees at the required Rule 37 hearing.

The court has also considered plaintiff's argument concerning the amount of time she believes was misspent by defense counsel in writing and editing the Motion to Compel and the briefs. Plaintiff argued that she, as an English major, could have edited each page in five minutes. While that may well be so, the court finds that when a lawyer edits a legal document, it is not just for grammar, spelling, and syntax, but requires review of the logic of the argument, the relevancy of any laws cited, and the applicability of any rules found in the federal or local procedural rules.

Finally, the court has considered plaintiff's argument that counsel should not be paid for travel time to-and-from court. The court disagrees, as it is both usual and customary to pay attorneys for all time spent on a case, including travel time. As to the argument that no travel time should be allowed because defendant could have

---

[6] Associate counsel have five and four years experience respectively. See Hancock Aff. The court finds that application of the five year $179.53 hourly rate for a four year associate to be reasonable inasmuch as the difference in experience between the two is *de minimis*.

retained Asheville counsel to defend an action in the Asheville division, it was well within reason to retain Charlotte counsel. Indeed, court employees routinely travel between Asheville and Charlotte, and such travel time is always considered to be compensable at that employees regular rate or through the allowance of compensatory time.

* * *

The court was advised at the hearing that plaintiff has failed to obey this court's previous Order compelling the sought-after discovery. Plaintiff is again cautioned that disobedience of court orders has consequences, which could well include the dismissal of her case with prejudice. Plaintiff is likewise advised that her failure to pay the expenses allowed by this order within the time provided may also result in the imposition of sanctions, including but not limited to dismissal of her case.

Finally, plaintiff is advised that while it appears that she is incredibly well educated, well spoken, and accomplished in business, representing oneself in federal court, while a right, is not always wise and that even experienced attorneys who find themselves as a party in federal court retain counsel to represent their important legal interests. Plaintiff is encouraged to retain counsel to represent her no-less important legal interests, as the path taken appears to be leading to a disposition not on the merits, but one based on procedural default. As the proponent of the litigation, plaintiff is obligated to provide defendants with the evidence that supports her claims, and a failure to do so or to comply with court orders or applicable rules may result in the court dismissing this case for failure to prosecute.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Request for Sanctions (#46) is **GRANTED,** and plaintiff shall pay to counsel for defendants the amount of **$2613.81** as reasonable attorneys' fees incurred in successfully prosecuting defendant's Motion to Compel (#46). Such amount shall be paid to counsel for defendant within 14 days and failure to pay such amount within such time period may result in further sanctions, including, but not limited to, dismissal of this action.

Signed: October 7, 2010

Dennis L. Howell
United States Magistrate Judge