# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10cv52

| | |
|---|---|
| MICHELLE SMITH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HOMECOMINGS FINANCIAL, )<br>)<br>Defendant. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's pleading styled as a Motion to Appeal Order to Pay Sanctions. [Doc. 75].

The Court interprets and receives this filing as objections to the Order of Magistrate Judge Howell entered on October 7, 2010, wherein Judge Howell imposed sanctions against the Plaintiff for her failure to comply with discovery. [Doc. 71].

For the reasons set forth below, the Plaintiff's objections [Doc. 75] to the Magistrate Judge's Order [Doc. 71] are overruled and the Order is affirmed.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

The Order objected to arises from a series of discovery disputes. Defendant's first set of discovery had been served upon Plaintiff on June 8,

2010. [Doc. 51 pg 1]. Plaintiff's responses led to Defendant filing a Motion to Compel. [Doc. 46]. On September 10, 2010, Judge Howell entered an Order [Doc. 51] compelling Plaintiff to respond to said discovery. Even as late as the date of that Order Plaintiff had only answered one interrogatory and purported to answer two requests for production. Id.

The Motion to Compel [Doc. 46] also included a Motion for Sanctions for Plaintiff's failure to respond to the June discovery, putting Plaintiff on notice of her obligations and the potential penalties for her failure to meet them. The Order of September 10 re-stated that notice [Doc. 51 pg. 2] and set the matter of sanctions for hearing a month later. Plaintiff, however, did not heed those notices or respond properly to the June discovery requests as she had been ordered to do. This was so, even though the Magistrate Judge had advised Plaintiff that this discovery was "the most basic discovery necessary to defending a civil action." [Doc. 51]. Rather, the discovery dispute escalated. Over the ensuing 27 days before the hearing on the Motion for Sanctions, and in the face of an approaching December 1 deadline for the completion of all discovery, [Doc. 25], Plaintiff invoked the Court's and Defendant's resources to attend to no less than five filings[1]

---

[1]Notice of Mediator Bias [Doc. 53], filed 9/13/10; Request for Extension to Further Respond to First Request for Production and First Interrogatories [Doc. 55], filed 9/20/10; Motion for Extension (to the Order/Denial dated September 21, 2010)(referring to the denial of her Request at Doc. 55) [Doc. 59], filed 9/29/10; Plaintiff's Objection to

made by Plaintiff that were evasive of the discovery process. During those 27 days Plaintiff also filed a Motion to Compel of her own, and a retort to Defendant's reply to one of her filings. [Docs. 66 & 67].

On October 7, 2010, the Order for Sanctions [Doc. 71], to which Plaintiff objects and which is the subject of this Order, was entered. Magistrate Judge Howell entered a monetary sanction against the Plaintiff in the sum of $2,613.81 pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. The Motion for Sanctions was properly before the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, by which the Defendants' Motion for Sanctions [Doc. 46] as well as other motions were referred to him for disposition.

The Plaintiff followed that Order with the filing that this Court receives as objections thereto. [Doc. 75]. Defendant has timely responded to the objections. [Docs. 77 & 78].

## II. STANDARD OF REVIEW

A Magistrate Judge has the authority to enter a final order as to non-dispositive pretrial matters. See 28 U.S.C. § 636(b)(1)(A). A Magistrate Judge's Order with respect to non-dispositive issues is subject to review

---

Order Dated September 10, 2010 [Doc. 60], filed 9/29/10; Motion to Appeal Order and Request for Sanctions [Doc. 61], filed 9/29/10.

3

only for rulings contrary to law or for clear error. Id. "Therefore, unless the result compelled by the Magistrate Judge's ruling is contrary to law or clearly erroneous, the Orders of the Magistrate Judge will be affirmed." Food Lion, Inc. v. Capital Cities/ABC, Inc., 951 F.Supp. 1211, 1213 (M.D.N.C. 1996).

## III. ISSUES AND ANALYSIS

    **A.    Is Plaintiff's objection timely?**

    **B.    Was the Magistrate Judge's Order contrary to law or clearly erroneous?**

**A.    Plaintiff's objection was timely.**

Rule 72 of the Federal Rules of Civil Procedure governs the timeliness of objections to orders of the Magistrate Judge. They shall be *served and filed* within fourteen days[2] of the order complained of. Fed.R.Civ.P. 72(a) (emphasis added). Those filed untimely may be denied without further consideration. Id. Service is complete upon mailing. Fed.R.Civ.P. 5(b)(2)(C). Where the mode of service is mailing, three days are added to the fourteen allowed by Rule 72. Fed.R.Civ.P. 6(d). The order at issue was entered on October 7, 2010. Since Plaintiff is appearing

---

[2]Defendant's attention is directed to the 2010 Revised Edition of the Federal Civil Judicial Procedure and Rules, which displays the 2009 amendments to Rule 72 changing the time from 10 days to 14 days.

4

*pro se* and cannot register in the Court's ECF system service of the order was perfected by mailing it to Plaintiff. Fourteen days were allowed for response per Rule 72(a) plus three days per Rule 6(d). Thus objections were due on or before October 24, 2010. That date, however, falls on Sunday, so the deadline was extended to the next business day, October 25. Fed.R.Civ.P. 6(a)(1).

The receipt stamp of the Clerk's office demonstrates that Plaintiff's objections were received by the Clerk on October 25, 2010. [Doc. 75 pg 8]. "A paper is filed by delivering it: (A) to the clerk..." Fed.R.Civ.P.5(d)(2)(A). As such, Plaintiff's objections were received within the time allotted.

Plaintiff's filing has other procedural defects, namely the date on her Certificate of Service does not correspond with the date of the postmark on the envelope that contained her objections. Further, the delay of five days between the service of the objection (per the certificate of service) and the filing of the document with the Clerk is arguably unreasonable. Fed.R.Civ.P. 5(d)(1). Defendant, however, does not contest those. In its discretion, the Court will afford some deference to Plaintiff's status as a *pro se* litigant by not summarily denying her objections based on those defects. Ballard v. Carlson, 882 F.2d 93 (4th Cir.1989).

**B.    The Magistrate Judge's Order followed applicable law and displays no clear error.**

5

The clearly erroneous standard of review, rather than the de novo standard of review, applies to objections to non-dispositive orders by a Magistrate Judge such as that at bar. Fed.R.Civ.P. 72(a), Collins v. TIAA-CREF,2009 WL 973106 (W.D.N.C.,2009)(citing Kebe ex rel. K.J. v. Brown, 91 Fed. App'x 823, 827 (4th Cir. 2004) for the proposition that a Magistrate Judge's order for sanctions under Rule 37 "is undoubtedly a nondispositive matter covered by Rule 72.").

The Magistrate Judge's Order recited relevant sections of Rule 37 entitling Defendant to an order of sanctions, and found an award to be proper. [Doc. 71 pg. 2]. It addressed the Court's concern as to whether the hourly rate sought is reasonable. It considered Defendant's evidence of market rates and Plaintiff's arguments that Defendant did not properly account for inflation. The Magistrate Judge's findings were not inconsistent with Plaintiff's argument. [Doc. 71 pg. 3-5]. The Magistrate Judge considered and dismissed Plaintiff's arguments that Defendant spent too much time on the preparation of the Motion to Compel, and that Defendant's travel time for the hearing should not be paid. [Doc. 71 pg. 6-7].

In her objection, Plaintiff argues (1) that her objections to discovery were not made in bad faith, and (2) that the Magistrate Judge was required, but failed, to consider her ability to pay the sanction.

Regarding Plaintiff's assertion that her discovery responses were not made in bad faith, Plaintiff cites to authority pertaining to Rule 11 sanctions. She cites to nothing requiring that there be a finding of bad faith before discovery sanctions can be imposed. More importantly, Plaintiff presents nothing to this Court to support her assertions that her failures were not the result of bad faith. She answered only one interrogatory and evaded answering even the most basic discovery. If a finding of bad faith were needed, it would certainly find substantial support in the record. The Order objected to is free of error. This objection is overruled.

As to the argument that the Magistrate Judge failed to consider her ability to pay the sanction, *sua sponte* consideration of ability to pay is not a required element under Rule 37. Plaintiff made no showing in either her original argument or in her objections that she is unable to pay or that she otherwise qualifies under the catch-all provisions of Rule 37(b)(2)(C). Throughout this proceeding Plaintiff has asserted that she owns multiple rental properties and has experienced various business successes. These belie her implied but unsupported assertion of inability to pay this

7

reasonable sanction. Under the applicable clear error standard, this argument does not present grounds to reverse the Order. This objection is overruled.

Plaintiff also restates arguments already made and disposed of without error in the Magistrate's Order, such as that Defendant used too much time producing his filings and was not entitled to charge his travel time [Doc. 75 pg. 3-6]. Objections that merely restate arguments already made are not entitled to review. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).

## IV. CONCLUSION

The Court finds the monetary sanctions ordered to be paid by the Plaintiff are necessary to deter the Plaintiff from future misconduct and, thus, the Court concludes that the Magistrate's Order is not clearly erroneous or contrary to law.

**IT IS, THEREFORE, ORDERED** the Plaintiff's objections [Doc. 75] to the Magistrate Judge's Order [Doc. 71] entered October 7, 2010 are **OVERRULED**, and the Order and the relief granted therein is **AFFIRMED.**

Payment of the full amount of the sanction granted therein is due to be paid from Plaintiff to Defendant immediately.

Signed: November 22, 2010

Martin Reidinger
United States District Judge