IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv52

| | |
|---|---|
| MICHELLE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| HOMECOMINGS FINANCIAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's pleading styled as an Appeal of Order Denying Motion for Leave to Amend. [Doc. 76].

The Court interprets and receives this as a Notice of Appeal of the Order of Magistrate Judge Howell entered on October 7, 2010. [Doc. 72]. The Court further receives its narrative as Plaintiff's memorandum in support of the relief she seeks.

Rule 72 of the Federal Rules of Civil Procedure governs the timeliness of objections to an order of the Magistrate Judge. They shall be *served and filed* within 14 days of the order complained of. Fed.R.Civ.P. 72(a) (emphasis added). Those filed untimely may be denied without further consideration. Id.

Further, under the Federal Rules of Civil Procedure, service is complete upon mailing. Fed.R.Civ.P. 5(b)(2)(C). A party's Certificate of Service must reflect the date upon which its corresponding pleading is filed. Filing must be completed within a reasonable time after service. Fed.R.Civ.P. 5(d)(1).

Plaintiff's Certificate of Service for this pleading reflects service on October 20, 2010. A filing properly made on October 20 would have been timely under Rule 72 in this instance. The postmark on the envelope in which she mailed this pleading, however, reflects that the document was mailed on October 29, 2010, which is untimely.

The first problem with this discrepancy between Plaintiff's alleged service date and her mailing date is that mailing a document to the Court for filing nine days after it was supposedly served violates Rule 5(d)(1). Second, this postmark of October 29 brings into serious question the veracity of the certificate of service dated nine days earlier.

Based thereon the Court finds and concludes that Plaintiff's Appeal of Order Denying Motion for Leave to Amend [Doc. 76] was mailed and served on October 29, 2010, which was not within the time allowed by the Rules of Civil Procedure. For this reason the Plaintiff's appeal will be dismissed and her objections overruled.

Plaintiff must, in the future, strictly adhere to the rules governing service and filing dates. These are not mere form, but are the substance from which courts may base final disposition of a matter up to and including its dismissal. Plaintiff has been repeatedly warned by the undersigned and by Magistrate Judge Howell that her failure to apprehend law and local court rules are jeopardizing her case, and repeatedly advised to obtain an attorney to represent her. Those admonitions are pressed upon her, yet again, here. Future discrepancies of the type demonstrated in the instant filing may be viewed by this Court as falsification and lead to severe penalties including but not limited to a finding that Plaintiff is in contempt of court, and dismissal of this action.

Placing the instant filing into its larger context, the Court notes another appeal that Plaintiff recently filed. [Doc. 75]. It, too, bears a Certificate of Service of October 20, 2010. [Doc. 75 pg. 6]. Its postmark reflects that it was mailed on October 22, 2010 [Doc. 75 pg. 8], thus presenting another mismatch between the alleged date of service and the actual date of mailing. The suspicious circumstances of the instant filing calls the accuracy of that other Certificate of Service into question. It also demonstrates that Plaintiff was under no impediment from placing anything served on October 20 into the mail sooner than October 29.

This matter has had a troubling case history. The pace and number of Plaintiff's filings throughout the pendency of this matter has been bracing. Each filing is accompanied by an unnecessarily lengthy narrative. There is minimal variance among the narratives. Each asserts the merits of her case but makes few to no specific arguments about the merits of the individual filings they should support.

Plaintiff's presentation of unnecessarily lengthy, thematically identical, and minimally reworked narratives for consideration under a variety of pretexts is an abuse of the Court's and opposing counsel's resources. Plaintiff is admonished to be cognizant of Federal Rule of Civil Procedure 11, which provides in pertinent part:

> By presenting to the court ... a pleading, ... an ... unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims ... are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law ...;
>
> (3) the allegations and other factual contentions have evidentiary support or, ... are likely to have evidentiary

4

support after a reasonable opportunity for further investigation or discovery ... .

Fed.R.Civ.P. 11(b).

All of this combines to reveal Plaintiff as a vexatious filer. Further filings following this pattern may result in the imposition of a prefiling injunction for the duration of this action. "A federal court may issue a prefiling injunction when a litigant's vexatious conduct hinders the court from fulfilling its constitutional duty." In re Head, 174 Fed.Appx. 167 (4th Cir. 2006), citing Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986). The parties are cautioned to understand that this does not reflect the Court's opinion on the merits of this matter, but only on the Plaintiff's escalating uncondonable conduct in her pursuit thereof.

**IT IS THEREFORE ORDERED** that Plaintiff's Appeal of Order Denying Motion for Leave to Amend [Doc. 76] is treated as a notice of appeal from Judge Howell's Order of October 7, 2010 [Doc. 72], and such appeal is **DISMISSED**, and Plaintiff's objections to said Order are **OVERRULED**, and said Order is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: November 22, 2010

_____
Martin Reidinger
United States District Judge